JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ricardo Lopez, Jr.

**(b)** County of Residence of First Listed Plaintiff: Starr
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marcus C. Barrera; Barrera, Sanchez & Associates, PC
10113 N. 10th St., Suite A; McAllen, Texas 78504
Tel: (956) 287-7555  Fax: (956) 287-7711

## DEFENDANTS
Rio Grande City Consolidated Independent School District, Daniel J. Garcia, Eleazar Velasquez, Jr., Daria Babineaux, Ind. and in their Capacity as Members of the Board of Directors

County of Residence of First Listed Defendant: Starr
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983

Brief description of cause:
Loss of employment because of political retaliation.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 4,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 02/25/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RICARDO LOPEZ, JR., | § § § | |
| vs. | § § § | |
| RIO GRANDE CITY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, DANIEL J. GARCIA, ELEAZAR VELASQUEZ, JR., DARIA BABINEAUX, INDIVIDUALLY AND IN THEIR CAPACITY AS MEMBERS OF THE BOARD OF DIRECTORS, | § § § § § § § | CIVIL ACTION NO._____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, RICARDO LOPEZ, JR., Plaintiff, complaining of the Rio Grande City Consolidated Independent School District, Daniel J. Garcia, Eliazar Velasquez, Jr., and Daria Babineaux, individually and in their official capacities as members of the Rio Grande City CISD board of Directors, and in support thereof would show the following:

### I.   NATURE OF ACTION

1.   Plaintiff brings numerous causes of action. First, this is an action under the United States Constitution for violation of Plaintiffs rights under the First and Fourteenth Amendments.

2.   Specifically, while acting under color of law, Defendants took adverse employment action against Plaintiff's employment contract in violation of his constitutionally protected Due Process rights, First Amendment rights and in violation of the Texas Open Meetings Act.

### II.   JURISDICTION AND VENUE

3.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1345, 1443, and 1441 and 42 U.S.C. Section 1983.

4.   Venue in this case is proper under 28 U.S.C. Section 1391(a)(1) & (2) because the employment practices and actions alleged to be unlawful were and are currently being committed within the jurisdiction of the United States District Court for the Southern District of Texas, McAllen Division.

### III. PARTIES

5. Plaintiff, RICARDO LOPEZ, JR., is a resident of Starr County Texas.

6. Defendant, Rio Grande City Consolidated Independent School District ("RGCCISD" or "District"), is a school district and governmental entity located in the State of Texas and may be served with process at: 1 South Fort Ringgold, Rio Grande City, Texas 78582.

7. Defendant, Daniel J. Garcia is being sued in his individual and official capacity as a member of the RGCCISD Board of Directors and may be served with process at: 1 South Fort Ringgold, Rio Grande City, Texas 78582.

8. Defendant, Eliazar Velasquez, Jr., is being sued in his individual and official capacity as a member of the RGCCISD Board of Directors and may be served with process at: 1 South Fort Ringgold, Rio Grande City, Texas 78582.

9. Defendant, Daria Babineaux, is being sued in his individual and official capacity as a member of the RGCCISD Board of Directors and may be served with process at: 1 South Fort Ringgold, Rio Grande City, Texas 78582.

### IV. FACTUAL ALLEGATIONS

10. RICARDO LOPEZ, JR., ("RL"), proudly served as a coach and teacher at Rio Grande City Consolidated Independent School District ("RGCCISD" or "school district") for over a decade. He was first hired by the school district on August 13, 2003 as a special education teacher. He then held positions as Vocational Adjustment Coordinator, Resource Teacher, Head Baseball Coach, Truancy Officer and Attendance and Adjudication Administrator within the school district. RL had an exemplary employment record during his tenure.

11. In 2016, school district board member and President, Daniel J. Garcia, in his official capacity as School Board Member/President, pressured RL, a RGCCISD employee, by telling him that he could not advance any further within the school district without carrying out his particular personal requests and the requests of his political allies on the school board. RL was pressured by School Board Member, Daniel J. Garcia, to support Team Kid's Choice which included Daniel J. Garcia, Eleazar Velasquez and Daria Babineaux, among others. The pressure exerted against RL included withheld promotions and pay raises if he supported anyone else other than Team Kid's Choice. RL, based on pressure from Daniel J. Garcia began supporting the Team Kid's Choice political group.

12. RL was then pressured by Daniel J. Garcia in 2017 to approach the family of Jose Luis Garcia, Jr., who had been arrested for the alleged murder of Chayse Olivarez, and put in a good word to them about him so that they would hire him, Daniel J. Garcia, to represent Jose Luis Garcia, Jr. Thereafter, RL was pressured again under the same terms by Daniel J. Garcia in his official capacity as School Board Member/President to approach Judge Jose Luis Garza, the 381st State District Judge in Starr County, Texas, and request a lower bond for Jose Luis Garcia, Jr., who was now Daniel J. Garcia's client, and who had been arrested for the murder of Chayse Olivarez. Judge Jose Luis Garcia's brother, Hernan Garza, is RL's neighbor. RL then went to Hernan Garza's house and told him that Daniel J. Garcia had sent him to ask how to approach his brother, Judge Jose Luis Garza, about considering a lower bond for Jose Luis Garcia, Jr. Hernan Garza then set up an appointment at his house wherein RL went to discuss the possibility of lowering the bond for defendant, Jose Luis Garcia, Jr. After RL left Hernan Garza's house on Wednesday November 29, 2017 (Judge Jose Luis Garza was not present and did not participate in the

meeting), he was pulled over and arrested by the Starr County Special Crimes Unit at night under allegations that he was attempting to bribe a judge. The next morning, while still in jail, the RGCCISD police came to the jail and served RL with a letter placing him on administrative leave with pay. Daniel J. Garcia then distanced himself from RL even though Daniel J. Garcia had pressured RL with his position on the RGCCISD School Board to seek a lower bond from Judge Jose Luis Garza. Although arrested for bribery, RL was never indicted for any wrongdoing by a grand jury. RL then continued to be employed by RGCCISD on a "leave with pay status" until the October of 2018 School Board Meeting wherein his contract was not renewed. At this time the culture at RGCCISD had become such that employees were pressured to participate with the whims of certain School Board Members or risk political retaliation in the form of demotions, no pay raises or termination.

13.     The pressure exerted by Daniel J. Garcia on RL was substantial and included threats of withholding promotions and pay raises. Daniel J. Garcia, acted in coordination with Team Kid's Choice to withhold promotions and pay raises to enforce school district employee compliance with the whims of the Board President and the Team Kid's Choice political group. RL was reminded several times of Daniel J. Garcia's authority as a RGCCISD school board Member/President and leader of the political group "Team Kid's Choice" which included RGCCISD Directors, Daniel J. Garcia, Eleazar Velasquez and Daria Babineaux.

14.     RL had initially been a supporter of the political group "Team Kid's Choice" which included RGCCISD Directors, Daniel J. Garcia, Eleazar Velasquez and Daria Babineaux. However, the pressure reached a breaking point when he was mistreated and pressured over and over again by Team Kid's Choice; he then switched his political support to "Team Hope" which included School Board Directors Basilio Villarreal, Noe Castillo and Eduardo Ramirez. Then, after switching his support to Team Hope, on or about October 2018, investigators began questioning school district employees and RGCCISD board members on Team Kid's Choice about Daniel J. Garcia's involvement with the alleged bribe of Judge Jose Luis Garza. Team Kid's Choice at the time had aligned with "Team Onward" which members were running for positions on the RGCCISD School Board and included Judith Solis, Alberto Escobedo and Benito Saenz. Team Kid's Choice held a majority on the school board and where angered about the investigation into their political group. Unbeknownst to RL, Team Kid's Choice then immediately asked that RL be placed on the School District agenda in order to retaliate and non-renew/terminate RL.

15.     Then, while in the act of putting up a "Team Hope" campaign sign in Rio Grande City on or about October 19, 2018, the RGCCISD police, directed by the Team Kid's Choice Board members, approached RL and served him with a letter from the RGCCISD dated October 19, 2018, stating that he was being unlawfully terminated by nonrenewal of his contract with the RGCCISD. This method of direct service was against school protocol and an improper method of service under School Board rules and regulations. It was done in such a manner by the Team Kid's Choice members in order to intimidate RL and sensationalize his effective termination. The timing of the termination makes it clear that RGCCISD board members, a majority of which were members of Team Kid's Choice and who voted to terminate his contract, were acting in political retaliation by unlawfully terminating RL for his failure to support Team Kid's Choice and Team Onward. There were numerous staffing changes (promotions and demotions) after Team Kid's Choice gained control of the RGCCISD Board. One of the political hires made by the Directors making up Team Kid's Choice was Bernice Garza, a Team Kid's Choice and Team Onward supporter, who at the time of her hire was under indictment for voter fraud. Her indictment had no effect on the Team Kid's Choice School Board Directors hiring of her as an employee because she supported them politically. In addition the October 19, 2018, letter cited ludicrous reasons for non-renewing RL's contract. The first reason was a "failure to report his November 27, 2017, arrest for bribery." However, when the RGCCISD placed him on leave with pay the morning after his arrest they

cited the reason as being that they were notified that he had been arrested for bribery. Furthermore, the alleged bribe involved the sitting school board President who orchestrated the alleged bribe – so how did the School Board not know about the bribe? Obviously, RGCCISD had notice of his arrest and this claim of "no notice" is bogus and made up for the benefit of the RGCCISD and in order to retaliate politically against RL. The second reason for termination cited in the letter was that "the bribery charge was publicized valley wide by "The Monitor," and television station KRGV and KGBT." No explanation of how this publicity might diminish RL's effectiveness in the District was given. Clearly, this "publicity" reasoning for termination lacked merit and was bogus on the part of the RGCCISD since the RGCCISD constantly receives negative publicity for its actions with employees and the numerous lawsuits filed against it are constantly publicized in the local media. The third reason given in the letter was that "for the 2018-2019 school year there is no signed term contract between you and the RGCCISD." Well, the reason this is a problem is because the RGCCISD holds all the cards on this one. It is unfathomable to claim that "because I didn't give you a contract with me, I can't give you a contract with me." This is ridiculous circular reasoning that clearly shows that the RGCCISD terminated RL by nonrenewal for solely political reasons. It also cannot be lost on the Court that the RGCCISD also cited ethics, personal integrity and honesty as reasons for terminating RL when in truth and in fact their own Board Members were engaging in dishonesty, lack of personal integrity and a lack of ethics which eventually resulted in Team Kid's Choice Member Daniel J. Garcia, the sitting school board President, getting indicted and arrested. And, incredibly, not long after RL was unlawfully terminated, the RGCCISD members hired Bernice Garza who was under indictment for voter fraud at the time she was hired. It is clear that the RGCCISD retaliated against RL solely for political reasons and not because he had been previously arrested.

16.     Throughout his employment, RL performed his employment duties with dedication, loyalty and hard work. Prior to the Defendant Directors gaining control of the Board of Directors, RL had not suffered any adverse employment action due to job performance or otherwise.  At the time of his unlawful termination, RL had been working for the RGCCISD continuously for 15 years.  For the 15 years prior to termination, RL's evaluations were all <u>exemplary</u>.  RL was simply unlawfully terminated for his political affiliations, nothing else.

17.     RL is afforded freedom of association with the political candidates of his choosing under the First Amendment of the United States Constitution without fear of reprisal from a public-employer. The actions of the District's Board of Directors in colluding against RL constitute a violation of RL's federal rights and constitutional violations by the Defendants.

18.     This adverse employment action was taken in direct contravention of RGCCISD Board policy DCE (Legal), which mandates that before any contractual employee such as Plaintiff is dismissed, "the employee shall be given reasonable notice of the cause or causes for the termination, set out in sufficient detail to fairly enable him or her to show any error that may exist and the names and the nature of the testimony of the witnesses against [him]." The board policy cites Ferguson v. Thomas, 430 F.2d 852 (5111 Cir. 1970).

19.      After the notice of nonrenewal of his contract, RL sent letters to the RGCCISD Superintendent requesting reinstatement which were never responded to by the RGCCISD. No hearing was ever afforded him to present his concerns over the nonrenewal/termination of his contract.

## V. 42 U.S.C.SECTION 1983

20. Section 1983 of Title 42 of U.S.C. provides that an individual may seek redress, by way of damages, against any person or persons who, under color of any law, statute, ordinance, regulation, or custom, knowingly subjects such individual to the deprivation of any rights, privileges, or immunities, secured or protected by the U.S. Constitution or laws of the United States. The Plaintiff has been subjected to the deprivation of his Constitutional rights as set forth above and below.

## VI. DENIAL OF DUE PROCESS

21. Paragraphs 1 through 20 are incorporated herein by reference. Plaintiff had a constitutionally protected property interest by virtue of his employment contract with the District at the time that adverse action was taken against him. Procedural due process involves the right to a pre-deprivation hearing before a party is deprived of a recognized property interest. Bd. Of Regents v. Roth, 408 U.S. 564, 570 n.7, 92 S.Ct. 5701, 2705 n.7, 33 L. Ed. 2d 548 (1972). The termination of Plaintiff, without being given any prior pre-termination notice, reasons for the proposed action, and an opportunity to be heard, is a violation of Plaintiff's federal right to due process.

22. Additionally, he was deprived of his liberty and property interests without adequate procedural and substantive protection prior to the unlawful taking (i.e. termination) of his employment. The School District Violated DFBB(LEGAL) - TERM CONTRACTS: NONRENEWAL with their actions. Furthermore, the School District violated DFBB(LOCAL) - TERM CONTRACTS: NONRENEWAL and did not, among other things, even state a reason for nonrenewal. The school district also failed to review past evaluations and other protocol in their haste to terminate RL for political reasons. Defendants failed to afford Plaintiff with reasonable notice of the causes or causes for proposed termination set forth in sufficient detail to enable Plaintiff to show any error that might exist and the names and the nature of the testimony of the witnesses against him. Furthermore, Defendants failed to afford Plaintiff with a hearing on proposed basis for termination. Defendants also failed to serve RL properly with their notice of nonrenewal. The termination of the Plaintiff is in violation of the liberty and the property interests of the Plaintiff which are guaranteed under the Fourteenth Amendment of the United States Constitution as protected under 42 U.S.C. Section 1983. This denial of due process has caused current and future financial loss, past and future loss of reputation, and severe emotional distress to Plaintiff which continues and is ongoing.

23. Paragraphs 1 through 22 are incorporated herein by reference. The Plaintiff has a protected liberty interest under the Fourteenth Amendment to not be terminated for unconstitutional reasons. And therefore, on this basis, the Plaintiff may seek redress pursuant to 42 U.S.C. 1983.

## VII. VIOLATION OF FIRST AMENDMENT RIGHTS

24. Paragraphs 1 through 23 are incorporated herein by reference. As stated above, the Plaintiff openly associated and affiliated with the political rivals to Team Kid's Choice, and Plaintiff openly associated with candidates that were opposed to Team Kid's Choice's candidates at the time he was terminated. Plaintiff, at all times, strove to faithfully perform his duties and steer clear of any political activities while at the work-place. Plaintiff was politically associated with candidates opposed to the Defendants. The termination of Plaintiff was based on his association with Defendants' political rivals and constitutes unlawful retaliation on the basis of Plaintiff's rights protected by the First Amendment to the United States Constitution.

25. Defendants Daniel J. Garcia, Eleazar Velasquez and Daria Babineaux, in collusion and conspiracy with the District and other Board Members denied the Plaintiff due process for his protected liberty and

property interests. The Plaintiff was never provided a meaningful forum to address the accusations made against him or an opportunity to cross examine his accusers. Plaintiff alleges that the officials who participated in the wrongful acts were policymakers with the District whose actions may fairly be said to be the actions of the District. Defendants Daniel J. Garcia, Eleazar Velasquez and Daria Babineaux, and other Board Members using the authority and political weight of their office, abused public trust to cast aspersions and impugn Plaintiff and deny him of his protected liberty and property interests.

26. The actions taken by the Defendants have been taken under color of state law and each is a "state actor" for purposes of imposing liability under 42 U.S.C. § 1983. Furthermore, the actions taken by the Defendants has resulted in the denial of the constitutional rights of Plaintiff in that he has been deprived of life, liberty and/or property interests guaranteed by the Fourteenth Amendment to the United States Constitution.

27. Paragraphs 1 through 26 are incorporated herein by reference. Alternatively, Plaintiff was terminated in order to provide the Defendants with a vacant employment position which the Defendants, in an act of illegal political patronage, could fill with someone who was aligned with Team Kid's Choice.

## VIII. INDIVIDUAL LIABILITY

28. Paragraphs 1 through 27 are incorporated by reference. Defendants have acted outside the proper course and scope of their official duties as members of the board of Directors, in that their individual actions were wholly outside board policy, state regulations, and state and federal laws. Individual Defendant Directors Daniel J. Garcia, Eleazar Velasquez and Daria Babineaux conspired to terminate and retaliate against Plaintiff. They specifically directed and approved that school district staff take adverse action against the Plaintiff based on his political affiliation.

29. A plaintiff suing a public official under § 1983 must file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Schultes v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). In order to negate the defense of qualified immunity, a Plaintiff must plead sufficient facts to make it plausible that the individual's conduct: (1) violated a "clearly established federal constitutional right;" and (2) was not "objectively reasonable in light of clearly established law." Nunez v. Simms, 341 F.3d 385, 387 (5th Cir.2003). The law is clearly established that a public employee may be neither discharged nor demoted in retaliation for exercising his First Amendment Rights. More specifically, the Supreme Court has consistently held that governmental officials are forbidden from discharging public employees for their political affiliations. See Rutan v. Republican Party of Ill., 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); Elrod v. Bums, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Further, the Fifth Circuit has held that "[t]he law was established clearly enough in this circuit (as far back as) January 1988 that a reasonable officer should have known that if he retaliated against an employee for exercising his First Amendment rights, he could not escape liability by demoting and transferring the employee rather than discharging him." Click v. Cope/and 970 F.2d 106, 111(5th Cir. 1992).

30. Based on the time of the events, it is clear that RL's termination was politically motivated. Even though the Board knew that RL had been pressured by Daniel J. Garcia to carry out "missions" for him in order to keep his job and be eligible for promotions, the Board never censured Daniel J. Garcia. Instead they chose to punish RL instead when he moved on to support their rival political group. The only reason his contract was not renewed was for supporting Team Hope and not Team Kid's Choice.

### IX. ACTUAL DAMAGES

31. By reason of the above actions alleged above, Plaintiff has been damaged in an amount beyond the minimum jurisdictional level of this court, for which Defendants are jointly and severally liable.

### X. COMPENSATORY DAMAGES

32. Pursuant to the federal statutes cited above, the Plaintiff is entitled to compensatory damages, to include front pay and back pay and any other relief to which he may show himself to be entitled.

### XI. EQUITABLE RELIEF

33. Plaintiff requests all equitable relief to which he may show himself to be entitled, including front pay, back pay and/or reinstatement.

### XII. EXEMPLARY DAMAGES

34. The conduct of the Defendants was carried out willfully, spitefully, and maliciously and constitutes such an entire want of care as to be regarded as conscious indifference to the rights, wellbeing and welfare of this Plaintiff. Plaintiff is hereby entitled to recover exemplary damages to deter such cruel and undignified procedures by the Defendants in the future. Accordingly, Plaintiff requests that exemplary damages be awarded against the Defendants in an amount which exceeds the minimum jurisdictional requirements of this Court. Accordingly, Plaintiff is entitled to recover from the individual Defendants, in addition to compensatory damages, an award of exemplary damages in the amount of $3,000,000.00, such amount being necessary to deter the Defendants from repeating such wrongful acts in the future.

35. The foregoing acts of the Defendants sued individually were willful, humiliating, and insulting to Plaintiff and showed a conscious disregard for the rights of the Plaintiff. Team Kid's Choice, their families, their associates, and their allies are well known to the RGCCISD community and have ravaged RGCCISD employees for years. Their conduct in particular is typical of the culture which pervades the RGCCISD community. Plaintiff is accordingly entitled to recover from each of the individual Defendants, in addition to compensatory damages, an award of exemplary damages in the amount of $1,000,000.00 from each individual Defendant, such amount being necessary to deter the Defendants from repeating such wrongful acts in the future.

### XIII. ATTORNEY FEES

36. Pursuant to the federal statutes under which Plaintiff sues, Plaintiff has been forced to retain the undersigned attorneys to prosecute this claim on his behalf, and he is entitled to recover necessary and reasonable attorney fees, costs of litigation, together with such additional attorney fees as may be awarded by the Court and, in the event of an appeal, to the Fifth Circuit Court of Appeals and the United States Supreme Court, and costs of Court.

37. WHEREFORE, PREMISES CONSIDERED, Plaintiff, RICARCO LOPEZ, JR., prays that Defendants be cited to appear and answer herein, and for a trial by jury. Upon trial, Plaintiff prays for an award against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, front pay, back pay, re-instatement, equitable relief, together with exemplary damages, reasonable attorney fees, costs of court, pre-judgment and post-judgment interest, and such other and further relief, in law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully Submitted,

By: _____

Marcus C. Barrera, J.D., M.B.A.
Texas State Bar No. 00790271
Aaron Alaniz, J.D.
Texas State Bar No. 24096702

BARRERA, SANCHEZ & ASSOCIATES, P.C.
10113 N 10th Street, Ste. A
McAllen, Texas 78504
Tel. No. 956-287-7555
Fax No. 956-287-7711
Email:  marcus@bsmlawyers.com and
 melissa@bsmlawyers.com

ATTORNEYS IN CHARGE FOR PLAINTIFF,
RICARDO LOPEZ, JR.,